UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-30004-MAP |
| ) | |
| ROOSEVELT ARCHIE, ) | |
| Defendant ) | |

SCHEDULING ORDER
February 26, 2004

NEIMAN, U.S.M.J.

Roosevelt Archie ("Defendant"), having been arraigned before the court this day and having elected to proceed under the automatic discovery rules, IT IS HEREBY ORDERED in accordance with Local Criminal Rules (LR) 116.1 through 116.5 that further proceedings shall be governed as follows:

1. The Government shall produce, on or before March 11, 2004, those materials required to be produced under LR 116.1(C).

2. Defendant shall produce, on or before March 25, 2004, those materials required to be produced under LR 116.1(D).

3. Any discovery request letters shall be sent and filed by April 8, 2004. *See* LR 116.3(A) and (H).

4. Any responses to discovery request letters shall be sent and filed within fourteen days of receipt of the discovery request letter(s) referred to in Paragraph 3 above *or* on or before April 22, 2004, *whichever date shall first occur. See* LR 116.3(A).

5. Consistent with the provisions of LR 116.3(E) through (H), any and all discovery motions shall be filed on or before fourteen days after the receipt of the opposing party's declination to provide the requested discovery *or* fourteen days after the opposing party has received the discovery request letter and has failed to respond thereto, *whichever date shall first occur.* *See* LR 116.3(E) through (H).

6. Consistent with the provisions of Paragraph 5 above, a response to any motion shall be filed on or before fourteen days after the motion has been filed. *See* LR 116.3(I).

7. An Initial Status Conference in accordance with LR 116.5 will be held at the parties' request on April 8, 2004, at 2:30 p.m. in Courtroom III.[1]

8. A joint memorandum addressing those items set forth in Local Rule 116.5(A)(1) through (7) shall be filed on or before the close of business, April 6, 2004.

DATED: February 26, 2004

        /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[1] Defendants are not required to be present at the Initial Status Conference. Inasmuch as the court concludes that the Initial Status Conference is not a critical proceeding within the meaning of Fed. R. Crim. P. 43, defendants in custody will not be transported to court for the Initial Status Conference absent a showing of exceptional cause on motion duly filed in advance of the Initial Status Conference. *See* Fed. R. Crim. P. 43(c)(3).