UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>)<br>v. )<br>)<br>)<br>)<br>ROOSEVELT ARCHIE, )<br>Defendant ) | Criminal No. 04-30004-MAP |

MEMORANDUM WITH REGARD TO THE GOVERNMENT'S
MOTION FOR DETENTION
March 4, 2004

NEIMAN, U.S.M.J.

Roosevelt Archie ("Defendant") is charged in an indictment dated February 19, 2004, with possession of a firearm and ammunition after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (Count I); possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count II); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count III). The Government has moved for detention pursuant to 18 U.S.C. § 3142(e) and (f), asserting that Defendant presents a risk of flight and a danger to the community. A hearing on the Government's motion was held on March 1, 2004, at which time the court took the motion under advisement. It now sets forth its reasons for denying the motion and, therefore, releasing Defendant on certain conditions.

I. Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall

order that, pending trial, a defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

The Supreme Court has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). For this reason, a defendant may be detained only if the judicial officer finds by (1) *clear and convincing evidence*, that the defendant is a danger to the community, or (2) *a preponderance of the evidence*, that the defendant poses a risk of flight. *See* 18 U.S.C. § 3142(f); *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987); *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986). Furthermore, the judicial officer "may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c).

The Bail Reform Act establishes a two-step procedure for making the determination that a defendant should be detained. First, the Government is entitled to move for

detention when a defendant has been charged with an offense enumerated in the Act for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142(f)(1). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the defendant and the safety of the community against any danger posed by the defendant's pretrial release. See *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether "any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Government is aided by the statutory presumptions created by 18 U.S.C. § 3142(e). Where the offense charged is one of the offenses enumerated in section 3142(f)(1), a rebuttable presumption is created by section 3142(e), that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the defendant has been convicted of a federal offense that is described in section 3142(f) or an offense under state law that would have been described in section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense.

The Government may invoke the same rebuttable presumption if the judicial officer finds probable cause to believe that the defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed in (a) the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime

Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).

In making the determination as to whether a defendant overcomes the statutory presumption of 18 U.S.C. § 3142(e), the judicial officer is compelled to consider the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). The Government has invoked the rebuttable presumption in the instant case.

## II.  Finding of Facts and Discussion of Whether Detention is Warranted

The court makes the following factual findings and conclusions of law.

### A.  Nature of Offense: § 3142(g)(1)

As described, Defendant has been charged with both firearms-related and drug crimes. The Government has indicated that Defendant faces a guidelines range of 118 to

235 months (plus five years on and after) were he to plead guilty to the charges and 262 to 327 months (plus five years) were he to be convicted after trial. Prior to the instant federal indictment, Defendant faced parallel state charges, and a sentence of eighteen to twenty-two years, before those charges were dismissed.

### B. The Weight of the Evidence: § 3142(g)(2)

The court believes that the case against Defendant is strong, particularly in light of Exhibits 1 and 2 which the Government presented at the hearing.

### C. History and Characteristics of Defendant: § 3142(g)(3)(A)

Defendant, who is twenty-four years old, was born in Springfield and completed the ninth grade at Commerce High School. He resides here with his girlfriend and their two children, ages two and four. Defendant's mother is incarcerated; Defendant's father lives in Connecticut. He has one older brother, Dwayne Early, who resides in Springfield, and two younger half-siblings who live in Florida.

Defendant has a sporadic employment history and is presently unemployed. Defendant has a significant prior criminal record, including several convictions for possession of drugs, threatening and motor vehicle violations. He has served time in jail. He also has had several domestic restraining orders issued against him.

### D. Probation Status of Defendant: § 3142(g)(3)(B)

It does not appear that the charged crimes were committed while Defendant was on probationary status.

### E. Whether Defendant Poses a Risk of Flight: § 3142(e)

The Government asserts that Defendant poses a risk of flight, although the basis of

that assertion is unclear (other than its reliance on the rebuttable presumption.)  For its part, the court has determined that Defendant's only family ties are to western Massachusetts and that he has strong ties to this community.  The court also believes that Defendant does not have the financial wherewithal to flee.  Finally, the court believes that, while there may be some risk of flight, there are sufficient conditions, described below, which can guard against that risk.

### F.  Whether Defendant Poses a Risk to the Community:  § 3142(g)(4)

The Government vigorously asserts that Defendant, if released, will pose a danger to the community and that there are no conditions which can guard against the danger.  In general, the Government points to Defendant's criminal record which reveals an ongoing pattern of criminal behavior.  The Government also emphasizes the violent nature of particular crimes with which Defendant has recently been accused; on February 20, 2004, Defendant was charged with assault and battery and assault and battery with a dangerous weapon.

The court takes the Government's concerns quite seriously.  However, even in cases where there is the potential for danger, there may still be strict conditions of release which can serve as a reasonable guard against the risk.  *See Patriarca*, 948 F.2d at 794.  As District Judge Robert E. Keeton explains, "Congress has not provided a definition of 'safety of . . . the community,'" 18 U.S.C. § 3142(e), or "danger to ... the community," 18 U.S.C. § 3142(g)(4).  *United States v. Phillips*, 732 F. Supp. 255, 266 (D. Mass. 1990).  He continues:

> Congress did, however, choose to use the term "danger" which by its nature

> is a risk concept. By using this term, Congress did not declare that the community is entitled to assurances of freedom from all harm, and a court cannot detain arrestees on the mere apprehension of danger of harm. Rather, the court's inquiry must focus on whether, by conditions of release, the community can *reasonably* be assured of its safety.

*Id*. (emphasis supplied) (citing *United States v. Orta,* 760 F.2d 887, 892 (8th Cir. 1985) (en banc)).

Other than the most recent charges in state court, Defendant stands in little different a position than he did when, in April of 2003, he was released on $25,000 surety by the Chicopee District Court on the charges which form the basis of the present indictment. That bail was maintained when, in July of 2003, Defendant was indicted on parallel charges in the Superior Court and the district court case was dismissed. As indicated, the Superior Court indictment itself was dismissed when the instant federal indictment came down.

Although the parties dispute whether the sentence Defendant faced in state court was more or less severe than the sentence he faces here, the difference is not so great as to believe that Defendant would be any more encouraged to flee or engage in dangerous behavior were he to be released. To be sure, the court is concerned about the latest assault and battery charges against him. But having reviewed the circumstances surrounding those charges and having considered the set of release conditions offered by Defendant, the court is satisfied that the community can be reasonably well protected from any danger which Defendant might otherwise pose. These conditions take into account, in particular, the significant limits placed on Defendant's movements, oversight by the Pretrial Services Office, and representations by Defendant's family about their willingness to risk a

significant financial loss should Defendant flee or violate any condition of release. Those conditions are set forth below.

### G. Conditions of Release

The following conditions for Defendant's pretrial release are established:

1. Defendant shall execute an unsecured bond in the amount of $50,000;

2. Defendant's brother, Dwayne Early, grandmother, Gloria Early, and father, Roosevelt Archie, shall jointly execute a $50,000 bond to be secured by $25,000 cash. The bond shall secure not only Defendant's appearance but also his compliance with all conditions of release. A violation of any condition of release can result in forfeiture of the bond;

3. Defendant shall refrain from any use or unlawful possession of a firearm;

4. Defendant shall refrain from the use of drugs and shall be periodically tested for such use;

5. Defendant shall report two times per week to Pretrial Services as directed;

6. Defendant shall be placed on electronic monitoring and observe a curfew from 9:00 p.m. to 7:00 a.m. each day;

7. Defendant shall seek and maintain employment and provide Pretrial Services ongoing proof of such employment;

8. Defendant shall maintain his current residence and not travel outside Hampden County; and

9. Defendant shall be placed in the third-party custody of his brother, Dwayne Early.

Defendant shall be released once the court has had the opportunity to satisfy itself that Dwayne Early is willing to be a third-party custodian and that he, his father and grandmother fully understand the risks associated with posting bond. Defendant's counsel shall make all necessary arrangements and schedule the matter for further hearing.

IT IS SO ORDERED.

DATED: March 4, 2004

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge