UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) No. 04-30004-MAP | |
| ) | |
| ROOSEVELT ARCHIE ) | |

## MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT

Now comes the defendant in the above entitled action and moves this Honorable Court for an order directing the Government to disclose the identity of the confidential informant utilized during this investigation and as his basis, therefore, asserts the following:

On April 17, 2003 officers of the Chicopee Police Department arrested the defendant within the interior of 368 Meadow Street, 2nd Floor, Chicopee, Mass. The defendant was charged with a criminal complaint with violations of state law concerning marijuana, cocaine, and a firearm found within the interior of the address.

At the police station the defendant gave officers a written statement. In the statement the defendant acknowledged ownership of the marijuana but denied ownership of the cocaine and the firearm. In his statement to the police the defendant claimed he could identify the person to whom the firearm and cocaine belonged, but that he feared a reprisal for doing so.

Defendant believes and therefore avers that the confidential informant utilized by the Chicopee Police Department is an individual identified as Daniel Tereso, the defendant intends to establish at trial that the informant brought the cocaine and firearm to the apartment prior to the defendant's arrest.

Defendant believes and therefore avers that Tereso brought the cocaine and firearm to the location when defendant was arrested in order to escape liability for his own pending criminal cases. Defendant asserts Tereso called the defendant prior to his arrest and asked him to bring a portion of the drugs to Tereso at a nearby location.

The defendant intends to assert the ownership, control, and responsibility for the cocaine and firearm rests with Tereso and not the defendant as part of his defense to the instant indictment.

Disclosure of confidential informants and other informants, agents, and cooperating individuals is controlled by <u>Roviaro v. United States</u>, 353 U. S. 53 (1957). <u>Roviaro</u> requires a focus on whether the informant possesses facts which are relevant and material to the accused in preparing his defense upon the merits, or "essential to a fair determination of a cause", and a case-by-case balancing of an individual's right to prepare his defense vis-a-vis the public interest in protecting the flow of information. 353 U.S. at 60-61, 66, 77. See also <u>United States v. Fischel</u>, 686 F. 2d 1082 (5th Cir. 1982); and <u>United States v. Deutsch</u>, 475 F. 2d 55, 56-57 (5th Cir. 1973). <u>United States v. Auten</u>, 632 F. 2d 478, 481 (5th Cir. 1980).

Defendant's requests specifically ask the government to disclose the existence and identities of informants which fit the criteria for disclosure set out in <u>Roviaro</u>, and its progeny. Clearly, to the extent that the government intends to call such informants as witnesses at any pretrial hearing or at trial, disclosure is warranted. Such disclosure should be required sufficiently soon (pretrial) in order that the defendant may conduct appropriate background investigation and otherwise be prepared to effectively cross-examine such witnesses and, with regard to those informants or cooperating witnesses, whom the government does not intend to call as witnesses, their status as alleged participants or observers of activities included in the indictment makes their availability to defendant for an interview crucial to the preparation of his defense.

The <u>Roviaro</u> inquiry defies mechanical solutions in determining whether the government's privilege may be breached, a case by case approach is better suited to this requirement. <u>U.S. v. Perez</u>, 299 F. 3rd 1 (1st Cir.) 2002, <u>U.S. v. Robinson</u>, 144 F. 3rd 104 (1st Cir. 1998), <u>U.S. v. Formanczyk</u>, 949 F. 3rd 526 (1st Cir. 1991).

In this request defendant does not so much seek disclosure of an anonymous informant, but rather a confirmation that a known individual was acting as an agent of the government

during the time period covered by this indictment.

                THE DEFENDANT

BY: _____
Vincent A. Bongiorni, Esq.
95 State Street, Suite 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040

                CERTIFICATE OF SERVICE

    I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, United States District Court, 1550 Main Street, Springfield, MA. 01103 this 10th day of June, 2004.

_____
Vincent A. Bongiorni

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) NO. 04-30004-MAP |
| | ) |
| ROOSEVELT ARCHIE | ) |

AFFIDAVIT

Now comes Roosevelt Archie and being duly sworn hereby deposes and states as follows:

I am the defendant in the above entitled action. I have read the facts contained in the within foregoing motion and they are true to the best of my information, knowledge and belief.

Signed under the pains and penalties of perjury this 10th day of June, 2004.

_____
Roosevelt Archie