UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )    CRIM. NO. 04-CR-30004-MAP
                                 )
            vs.                  )
                                 )
ROOSEVELT ARCHIE,                )
                                 )
_____Defendant.   )

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISCLOSE IDENTITY OF CONFIDENTIAL INFORMANT

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and James R. Goodhines, Special Assistant United States Attorney, hereby files its response to the defendant's Motion to  Motion to Disclose Identity of Confidential Informant The defendant's motion should be denied because the defendant has failed to show, as he must, pursuant to Roviaro v. United States, 353 U.S. 53 (1957), that disclosure is necessary in prepare his case.

The government's privilege not to reveal the identity will only be destroyed if the defense makes an adequate showing that disclosure is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Rovario, 353 U.S. at 60-61.  The defendant must indicate sufficiently his need to overcome the public interest in encouraging the flow of information and the informant's private interest in his own

1

safety. <u>United States v. Estrella</u>, 567 F.2d 1151 (1st Cir. 1977). The defendant does not satisfy his burden by providing "mere speculation as to the usefulness of the informant's testimony to the defendant . . ." <u>Id</u>. at 1153.

The leading case dealing with the issue of disclosure of the identity of a confidential informant is <u>Roviaro v. United States</u>, 353 U.S. 53 (1957). In that case, the Court decided the issue by balancing the "public interest in protecting the flow of information against the individual's right to prepare his defense." <u>Id</u>. The Supreme Court failed to establish a "fixed" rule; but instructed the trial court to look to the "particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." <u>Id</u>.

Disclosure is only required when the defendant can point to a concrete circumstance that could justify that the public interest in maintaining the confidentiality of an informant should be pierced. <u>U.S. v. Martinez</u>, 922 F.2d 914, 921 (1st Cir. 1991); <u>U.S. v. Hemmer</u>, 729 F.2d 10, 15 (1st Cir. 1984); <u>Estrella</u>, 567 F.2d at 1153. To be entitled to disclosure of an informant's identity a defendant has an onerous burden of establishing that the informant can provide significant exculpatory evidence essential to a fair trial that override's the informant and government's interests in nondisclosure.

The burden is on the defendant to demonstrate that the

2

circumstances demand disclosure." <u>U.S. v. Lewis</u>, 40 F.3d 1325, 1335 (1st Cir. 1994). "Mere speculation is not sufficient to meet the heavy burden which rests on an accused to establish that the identity of a confidential informant is necessary to his defense." <u>U.S. v. Giry</u>, 818 F. 2d 120, 130 (1st Cir. 1987). Defendant also has to prove that without disclosure of the informant's identity a fair trial would not occur. <u>Id</u>.. The Defendant has to prove that the informer was the only witness that could confirm or contradict the testimony of government witnesses or sole participant other than the accused. <u>See</u> <u>U.S. v. Bibbey</u>, 735 F. 2d 619, 621 (1st Cir. 1984).

The defendant has failed to meet this burden and his motion for disclosure should be denied.

## IV.    <u>Conclusion</u>

WHEREFORE, for the foregoing reasons, the government respectfully requests that the defendant's Motion for disclosure of Identity of Confidential Informant be DENIED.

Filed this 13th day of July, 2004.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

JAMES R. GOODHINES
Special Asst United States Attorney

<u>CERTIFICATE OF SERVICE</u>

Hampden,  ss.                          Springfield, Massachusetts
                                       July 13, 2004


     I, JAMES R. GOODHINES, Special Asst United States Attorney,
do hereby certify that I have served a copy of the foregoing by
mail to:

Vincent Bongiorni
95 State Street
Springfield, MA 01103

                              James R. Goodhines
                              _____
                              JAMES R. GOODHINES
                              Special Asst United States Attorney

4