UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) NO. 04-30004-MAP |
| | ) |
| ROOSEVELT ARCHIE | ) |

DEFENDANT'S MOTION FOR DISCOVERY RELATING TO CONFIDENTIAL
INFORMANT

    Now comes the defendant, Roosevelt Archie, by and through counsel, and moves this Honorable Court for an order directing the government to provide him with the following discovery; and as his basis, therefore, asserts.

    On July 14, 2004 the Court Neiman, J. Ordered the government to confirm or deny the defendant's identification of the informant utilized in this case. On August 1, 2004 the Government informed defense counsel the informant identified in the body of the defendant's motion was accurate.

    As to the individual so identified the defendant requests the Government provide the following:

1. With respect to the identified informant, or any member of his immediate family (including what is loosely referred to as "common law" family), boyfriend, girlfriend, or lover of any such person, a written summary of all charges which could be brought by the federal, or any state or local government, which have not or may not or which the witness believes have not or may not be brought because the witness is cooperating with or has cooperated with the federal, state or city governments, or for any other similar or related reason.

2. Copies of all memoranda of understanding between the prosecutors in this case and the identified informant, whether by way of a letter to the attorney for the informant, the informant himself or otherwise.

3. Enumerate all inducements, promises, payments and witness fees by amount and date made to, and all agreements made with, the identified informant.

4. All information which may bear on the credibility of the identified informant and all information bearing on his/her relationship to any federal, state or city agency or agent, and any services or other services or acts performed by him/her with the knowledge, request or acquiescence of the state, city or federal government. This request expressly includes any benefits extended to witnesses regarding their conditions of confinement,

          access to contact visits, and telephone privileges. By extension, this request also embraces any inducements or promises or benefits conferred on any other person at the behest of the identified informant such as spouses or other family members of the potential witness.

5. All documents and other evidence regarding drug or alcohol usage and/or dependency by the identified informant including, but not limited to, records relating to treatment of such individuals in any federal, state, city or military drug or detoxification program.

6. All documents and other evidence regarding any physical or mental disease, disability, or disorder affecting the identified informant including but not limited to, records of hospitalization or other treatments for such physical or mental disease, disability, or disorder.

7. All information which may demonstrate an inconsistency or arguable inconsistency by the identified informant with another statement made by another person or the identified informant and all information which may demonstrate a lack of knowledge or denial of knowledge by the identified informant abut the facts of this case or the guilt or innocence of the defendant.

8. The defendant requests the opportunity to inspect and copy any and all documents, memoranda, agreements, contracts, etc., which relate to plea agreements, promises of leniency, or agreements of immunity, either de facto or statutory immunity, which concern the identified informant which are in any way connected to this case and which are within the possession, custody or control of the prosecutors in this case, the existence of which is known, or through the exercise of due diligence, may become known to the prosecutors in this case.

9. To inspect and copy any and all documents, agreements, memoranda, contracts, etc., which reflect the receipt of money or of other things of value by the identified informant. Such documents are sought whether or not such payments, etc., were made as the result of the assistance of information specifically provided in this case or another.

10. The defendant requests that the prosecutor in this case disclose the substance of any oral promises, inducements, agreements, etc., whether contingent or not, which have been made by any state, local or federal law enforcement representative, attorney or other person acting as agent of or on behalf of any state, local or federal government to the identified informant. The prosecutor in this case is specifically requested to inquire of those law enforcement representatives connected to this case, whether any such oral (or written) promises, inducements, agreements, etc., have been made to the identified informant in connection with this case.

11. The defendant requests the opportunity to inspect and copy any and all agreements, contracts, memoranda or other documents which reflect agreements between any officer or agency of any state, local or federal government to provide any assistance, housing or relocation to the identified informant of such individual's family. These documents are

sought whether or not such agreements were made as the result of assistance or information specifically provided in this case or another.

12. A copy of the criminal record of the identified informant.

THE DEFENDANT

BY: _____
Vincent A. Bongiorni, Esq.
95 State Street, Suite 309
Springfield, MA. 01103
(413) 732-0222
BBO #049040

CERTIFICATE OF SERVICE

I, Vincent A. Bongiorni, Esq., do hereby certify that I have served a copy of the foregoing to the Assistant United States Attorney, United States District Court, 1550 Main Street, Springfield, MA. 01103 this _____ day of August, 2004.

_____
Vincent A. Bongiorni