UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 04-30004-MAP |
| ) | |
| vs. ) | |
| ) | |
| ROOSEVELT ARCHIE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR DISCOVERY RELATING TO CONFIDENTIAL INFORMANT**

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and James R. Goodhines, Special Assistant United States Attorney, hereby files its response to the Defendant's Motion for Discovery Relating to Confidential Informant.

1. Concerning the informant or any "person" as described in the paragraph one of the defendant's discovery request, no charges could be brought by federal, state or local authorities, which have not or which the informant believes may have been brought because the informant's cooperation.

2. No memorandum of understanding has been created in relation to the informant in this case.

3. a. The informant was paid for participation in controlled buys by the Chicopee Police Department. Chicopee Police paid the informant $40 for the controlled buy in the instant offense. The defendant

1

was paid a total of approximately $500 for cooperation on all investigations that he participated with the Chicopee Police Department.

b. The informant had a pending larceny case in the Springfield District Court at the time of the instant offense, and the Chicopee Police requested the Hampden County District Attorney's Office for consideration based on the informant's cooperation in the instant case. The informant's case is pending and in warrant status in the Springfield District Court as of August 25, 2004.

c. There are no relevant other fees or agreements in the possession, custody or control of the government, which are known to the attorney for the government.

4. There were no other services or other acts performed on behalf of the informant or other persons as described in the paragraph one of the defendant's discovery request that may bear on the informant's credibility in the possession, custody or control of the government, which are known to the attorney for the government.

5. There is no information known to the attorney for the government concerning drug or alcohol usage and/or dependency or treatment of the informant.

6. There is no information known to the attorney for the government concerning any physical or mental disease, disability

or disorder of the informant.

7. There is no inconsistent information in the possession, custody or control of the government, related to any government witness which are known to the attorney for the government.

8. There are no documents, memorandum, written agreements, contracts or the like in the possession, custody or control of the government, which are known to the attorney for the government.

9. All documents related to payments made to the informant in the instant offense are available for inspection at the Chicopee Police Department by appointment. The Government declines to provide documents related to other controlled buys (specifically dates and offender names) in which the informant was paid.

10. See response 3 b. There are no other promises, inducements or agreements which are known to the attorney for the government.

11. There are no documents, memorandum, written agreements, contracts or the like in the possession, custody or control of the government, which are known to the attorney for the government.

12. A copy of the informant's record is provided under separate cover.

Filed this 27th day of August, 2004.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

                */s/ James R. Goodhines*
                JAMES R. GOODHINES
                Special Assistant United States Attorney

4

CERTIFICATE OF SERVICE

Hampden, ss.                           Springfield, Massachusetts
                                       August 27, 2004

   I, James R. Goodhines, Special Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mail to:

Vincent Bongiorni
95 State Street
Springfield, MA 01103

                              /s/ James R. Goodhines
                              JAMES R. GOODHINES
                              Special Assistant United States Attorney

5