

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 04-30004-MAP
)
ROOSEVELT ARCHIE, )
Defendant. )
)

**DOCKETED**

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S REQUEST FOR DISCOVERY

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully requests this Court to limit the Government's discovery obligations to information that is relevant and material to the Defendant's case. Specifically, the Government contests the Defendant's request for his over broad request for discovery pertaining to an informant who is a possible witness for the Government in the Defendant's case. The Government has provided the Defendant with the following information about this informant:

> 1. The identity of the paid informant who may testify in the Defendant's case.
> 2. The amount the informant was paid in the Defendant's case.
> 3. The total amount the informant was paid for cooperation in other cases.
> 4. Notice of any promises, rewards, or inducements, made by the government to the informant.

The Defendant has requested additional specific information concerning the informant's work with law enforcement in unrelated matters, in addition to further documentary evidence from the ATF concerning the payments made to the informant in the Defendant's

case.[1]  The Government respectfully declines to provide this
material, as it is neither relevant nor material to the
Defendant's case.  In addition, release of such details, as
requested by the Defendant may jeopardize the safety of the
cooperating witness as well as compromise open investigations.

**1. The information sought is neither relevant nor material to the**
**Defendant's case**

The Government's obligation to disclose evidence extends
only to favorable evidence that is material.  *Brady v. Maryland*,
373 U.S. 83, 87 (1963); *see also Strickler v. Greene*, 527 U.S.
263, 281-282 (1999).  The mere possibility that evidence might
have help the defense, or might affect the outcome of the trial,
does not establish "materiality" in the constitutional sense.
See *United States v. Agurs*, 427 U.S. 97, 109-110 (1976).
Evidence is "material" for Brady purposes, "if there is a
reasonable probability that, had the evidence been disclosed to
the defense, the result of the proceeding would have been
different."  *United States v. Lemmerer*, 277 F.3d 579, 586-87 (1st
Cir. 2002) citing *Kyles v. Whitley*, 514 U.S. 419, 433 (1995)
quoting *United States v. Bagley*, 473 U.S. 6678, 675 (1985).  Thus,
when the Government's evidence is strong, and includes
corroboration of the informant's account, the potential that the
informant's bias or credibility would affect the outcome of a

---

[1] See Defendant's Motion For Discovery Relating to
Confidential Informant,

trial is minimal.  See *U.S. V. Avellino*, 136 F.3d 249, 257-259
(1998); *U.S. v. Amiel*, 95 F.3d 135, 145-146 (2d Cir. 1996); *Cf.
Giglio v U.S.*, 405 U.S. 150, 154-155 (1972) (Supreme Court
weighed the importance of a government witness' testimony when
determining whether the prosecutor should have disclosed
impeaching materials). In the instant case, law enforcement
officers employed an informant to make a controlled buy of
illegal narcotics from the Defendant on April 14, 2003.  On April
17, 2004, the officers executed a search warrant at the location
from which the Defendant had sold drugs to the informant.  The
evidence corroborated the informant's account that he had bought
drugs, during the controlled purchase, from the Defendant.  When
the police entered the apartment, they immediately encountered
the Defendant. The police recovered a firearm and ammunition in
plain view on a coffee table in the apartment's common room.  The
officers also recovered cocaine (approximately 11 grams)
marijuana, more than $3,000.00 in U.S. currency, numerous indicia
of drug distribution (including a scale, plastic bags, and
razors), and numerous documents that demonstrated the Defendant's
control over the apartment.  After his arrest, the Defendant
admitted to selling marijuana, and "touching"[2] the firearm and
cocaine.  He also admitted to paying the electric and cable bills

---

[2] The Defendant indicated to the officers, that they might
find his fingerprints on the firearm and the bag of cocaine
because he had touched them.  The Defendant denied dealing
cocaine, or owing the firearm.

for the apartment, in addition to owning the furniture in the apartment.

The Defendant was indicted based on the evidence recovered during the search warrant. Although the Government may call the cooperating witness at trial, the evidence is clearly sufficient without the cooperating witness' testimony. Details of the witness' cooperation in unrelated cases are not material in a case in which the informant's testimony is corroborated by undercover officer and video recordings. *United States v. Si*, 343 F.3d 1116, 1118 (2003); *see U.S. v. Cruz-Velasco*, 224 F.3d 654, 661-62 (7th Cir.).

The Defendant has made no showing the information is necessary to his defense. Hunches that the informant was involved in a similar fact pattern in past cases have been viewed as an insufficient showing of materiality to warrant discovery. *See Unites States v. Flores*, 540 F.2d 432, 438 (1976). In *U.S. v. Carson*, the court held that the government's alleged withholding of documents, which would have shown that the government informant threatened or harmed others, did not constitute a Brady violation, on the theory that the evidence was relevant to the defense that the informant coerced the Defendant into entering the drug conspiracy. *U.S. v. Carson*, 9 F.3d 576, 582-83 (7th Cir. 1993). The Court noted that no reasonable possibility existed that the information sought would have sufficiently rebutted the Defendant's participation in the drug deal. *Id*.

Finally, the Defendant has made no showing that the information sought would be admissible in the Defendant's trial. Inadmissible evidence is by definition not material. *Norton v. Spencer*, 351 F.3d 1, 8 n. 3 (1st Cir. 2003) quoting *United States v. Ranney*, 719 F.2d 1183, 1190 (1st Cir. 1983).

**2. Disclosure of the information sought would likely place the informant at risk and compromise investigations**

In *Roviaro v. United States*, the Supreme Court recognized the Government's privilege to withhold from disclosure the identity of persons who furnish information to law enforcement officers. 353 U.S. 53, 58-59 (1957). The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. *Id*. The Defendant has offered no reason to jeopardize the safety of the informant, and the success of investigations unrelated to the Defendant's case.

**3. Federal Rules of Criminal Procedure specifically exempt certain records and documents from production absent a showing from the Defendant.**

Since the Government does not intend on introducing the requested documents or evidence at trial, Fed.R.Crim.P. 16(a) does not mandate the discovery or inspection of reports, memoranda, or the internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case, or of statements made by government witnesses or prospective government witnesses

except as provided in 18 U.S.C. §3500. Fed.R.Crim.P. 16(a)(2).

## Conclusion

For the reasons stated above, this Court should deny the Defendant's request for discovery as it pertains to the Government's named informant.

Respectfully submitted,
MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:   S/ Paul Hart Smyth
Paul Hart Smyth
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the above memorandum was served on counsel of record by

facsimile transmission on this 27th day of September 2004.

S/ Paul Hart Smyth
Paul Hart Smyth
Assistant U.S. Attorney