```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
          Plaintiff,           )
                               )
     v.                        )   CRIMINAL NO. 04-30004-MAP
                               )
ROOSEVELT ARCHIE               )
          Defendant.           )
```

**<u>UNITED STATES' MOTION FOR ISSUANCE OF A
PRELIMINARY ORDER OF FORFEITURE</u>**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 21 U.S.C. §853. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1. On or about February 19, 2004, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment charging defendant Roosevelt Archie, (the "Defendant"), with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. §922(g)(1) (Count One); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §841(g)(1) and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Two); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c).

2. The Indictment sought the forfeiture, as a result of committing the offense alleged in Count Two of the Indictment, of any and all property constituting or derived from, any proceeds the

Defendant obtained directly or indirectly as a result of said violations, and (2) any of the Defendant's property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including, but not limited to: (1) $3,469.00 in U.S. Currency (the "Defendant Currency"), and (2) a 1999 Gray Honda Accord with Massachusetts Registration 8880YG (the "Defendant Vehicle"). The government is not seeking forfeiture of the Defendant Vehicle.

    3.    Further, and in accordance with the Indictment, if any of the Defendant's assets that are subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. §853(p).

    4.    On or about August 31, 2005, pursuant to a written plea agreement, the Defendant pled guilty to Counts One, Two and Three of the Indictment and agreed that the Defendant would specifically forfeit, without limitation, the Defendant Currency.

    5.    Accordingly, the United States seeks the entry of a Preliminary Order of Forfeiture against the Defendant for the

Defendant Currency.

6. By virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Currency or substitute assets in a value up to the amount of the $3,469.00 in U.S. Currency. See Rule 32.2(b)(2); 21 U.S.C. §853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

7. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. §853 and FRCP 32.2, the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the Defendant Currency in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in the Defendant Currency must file a petition with the Court (and serve a copy on the United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Defendant Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title of interest in the forfeited Defendant Currency and any additional facts supporting the petitioner's claim and relief

sought.

8. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Defendant Currency that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

9. Pursuant to 21 U.S.C. §853, following the Court's disposition of all petitions filed, or if no such petitions are filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Defendant Currency and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Defendant Currency, in the form submitted herewith.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney,
>
>/s/ JENNIFER H. ZACKS
>PAUL SMYTH
>JENNIFER H. ZACKS
>Assistant U.S. Attorneys
>United States Courthouse
>Suite 9200
>1 Courthouse Way
>Boston, MA 02210
>(617) 748-3100

Date: September 30, 2005

## CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing upon Vincent A. Bongiorni, Esquire, as counsel for Defendant Roosevelt Archie, 95 State Street, Suite 309, Springfield, MA 01103 by first class mail.

>/s/ JENNIFER H. ZACKS
>JENNIFER H. ZACKS
>Assistant U.S. Attorney

Date: September 30, 2005