UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　Plaintiff,　　　　　)<br>　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>ROOSEVELT ARCHIE　　　　　　)<br>　　　　Defendant.　　　　　　) | CRIMINAL NO. 04-30004-MAP |

**PRELIMINARY ORDER OF FORFEITURE**

**PONSOR, D. J.**

WHEREAS, On or about February 19, 2004, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment charging defendant Roosevelt Archie, (the "Defendant"), with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. §922(g)(1) (Count One); Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §841(g)(1) and Aiding and Abetting, in violation of 18 U.S.C. §2 (Count Two); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c);

AND WHEREAS, the Indictment sought the forfeiture, as a result of committing the offense alleged in Count Two of the Indictment, of any and all property constituting or derived from, any proceeds the Defendant obtained directly or indirectly as a result of said violations, and (2) any of the Defendant's property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including, but not limited to: (1) $3,469.00 in U.S. Currency (the "Defendant Currency", and (2) a 1999 Gray Honda Accord with Massachusetts

Registration 8880YG (the "Defendant Vehicle"). The government is not seeking forfeiture of the Defendant Vehicle;

AND WHEREAS, further, and in accordance with the Indictment, if any of the Defendant's assets that are subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with a third party; (c) have been placed beyond the jurisdiction of the Court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. §853(p);

AND WHEREAS, on or about August 31, 2005, pursuant to a written plea agreement, the Defendant pled guilty to Counts One, Two and Three of the Indictment and agreed that the Defendant would specifically forfeit, without limitation, the Defendant Currency;

AND WHEREAS, the United States seeks the entry of a Preliminary Order of Forfeiture against the Defendant for the Defendant Currency;

AND WHEREAS, by virtue of the Defendant's guilty plea and pursuant to 21 U.S.C. §853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Defendant Currency or substitute assets in a value up to the amount of the $3,469.00 in

U.S. Currency,

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The United States' Motion for Entry of a Preliminary Order of Forfeiture is ALLOWED.

2. Based upon the conviction of the Defendant, the United States is hereby authorized to seize the Defendant Currency and it is hereby forfeited to the United States of America for disposition pursuant to the provisions of 21 U.S.C. §853.

3. The United States shall hold the seized Defendant Currency in its secure control and custody.

4. Pursuant to 21 U.S.C. §853(n), as incorporated by 28 U.S.C. §2461(c), the United States shall take any other appropriate steps pursuant to the statute's applicable provisions to seize, forfeit, and dispose of the Defendant Currency, giving notice as required by law.

5. Pursuant to 21 U.S.C. §853(n)(1), the United States shall publish, at least once for three successive weeks in a newspaper of general circulation in the District of Massachusetts, notice of this Order and of the United States' intent to dispose of the Defendant Currency in such manner as the Attorney General may direct.

6. Pursuant to 21 U.S.C. §853(n), as incorporated by 28 U.S.C. §2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Defendant Currency to be forfeited.

7.  Pursuant to 21 U.S.C. §853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Defendant Currency, shall, within thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Defendant Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Defendant Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Defendant Currency, any additional facts supporting the petitioner's claim, and the relief sought.

8.  Pursuant to 21 U.S.C. §853(n), as incorporated by 28 U.S.C. §2461(c), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Defendant Currency.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. §853(n), as incorporated by 28 U.S.C. §2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure.

*[signature]*
MICHAEL A. PONSOR
United States District Judge

Date: 10·19·05