UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-30004-MAP |
| ) | |
| **ROOSEVELT ARCHIE,** ) | |
|    **Defendant.** ) | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT THREE

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Paul Hart Smyth, Assistant United States Attorney, hereby files this memorandum in support of its Motion to Dismiss Count Three of the above-captioned indictment. Although the government does not agree with the Defendant's assertion of prejudice as set forth in the defendant's Motion to Withdraw Guilty Plea to Count Three (D. 88), the government believes that dismissing Count Three while not disturbing the defendant's plea to Counts One and Two is the fairest and most reasonable solution since the defendant, in pleading guilty, may have relied on a mistake the undersigned Assistant U.S. Attorney made with respect to the potential minimum mandatory sentence the defendant faced.

### Plea Agreement and Hearing

In June of 2005, the defendant entered into a Plea and Cooperation Agreement, and on August 31, 2005, the defendant pleaded guilty to the following:

1. <u>Count One</u> - Felon in Possession of a Firearm and Ammunition (18 U.S.C. § 922(g)) - **Fifteen year statutory minimum mandatory sentence**

2. <u>Count Two</u> - Possession of Cocaine Base with the Intent to Distribute (21 U.S.C. § 841) - **Five year minimum mandatory**

3. <u>Count Three</u> - Possession of a Firearm in Furtherance of a Drug Trafficking Crime ((18 U.S.C. § 924(c)) - **Five year minimum mandatory**

Although the Plea Agreement accurately outlined both the minimum-mandatory and maximum potential sentences for each count, the agreement was silent as to whether the minium mandatory five-year term for Count Three was required to run consecutively to Count One. My mistake was agreeing with counsel's representation made during the plea colloquy that the five year minimum mandatory sentence required in Count Three, prescribed by 18 U.S.C. § 924(c), was required to be imposed consecutively <u>only</u> to the underlying drug trafficking crime (Count Two). Correctly stated, the five-year term is to be imposed after any other term of imprisonment. See 18 U.S.C. § 924(c)(1)(D)(ii).

Thus, the defendant pleaded guilty with the understanding that the statutory maximum minimum-mandatory sentence he faced was 15 years on the Felon-in-Possession charge (Count One). He was led to believe that the mandatory terms on Count Two and Count Three could run concurrently with Count One. In actuality, the defendant faced a 20 year minimum mandatory sentence - 15 years on Count One <u>plus</u> the 5 years on Count Three.

Dismissing Count Three would place the Defendant in no worse a position with respect to the potential statutory minimum-mandatory sentence than he believed he faced at the time of his plea, and by doing so, it would preserve the validity of his plea to Counts One and Two.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                          By:  /s/ Paul Hart Smyth
                                  _____
                                  Paul Hart Smyth
                                  Assistant U.S. Attorney

Dated: January 28, 2007


## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                      /s/ Paul Hart Smyth
                                    _____
                                    Paul Hart Smyth
                                    Assistant United States Attorney

Dated: January 28, 2007